### HAMMOND et al. v. SULLIVAN et al.

(Supreme Court, Appellate Division, Third Department.   May 2, 1906.)

1. TROVER AND CONVERSION—WHAT CONSTITUTES CONVERSION—TAKING OF PROPERTY.

Where defendant, claiming under authority from the owner of land on which plaintiff was conducting a refreshment stand forcibly and wrongfully removed plaintiff's chattels from the land and deposited them a short distance away, and exercised no further acts of dominion, it did not amount to a conversion.

2. TRESPASS—PERSONAL PROPERTY—DAMAGES.

In an action for trespass for removing the chattels, defendants were liable for actual injuries to the property and for punitive damages.

Appeal from Montgomery County Court.

Action by Nicholas Hammond and another against James Sullivan and others.   From a judgment in favor of plaintiffs, defendants appeal. Reversed.

This action was brought by plaintiffs to recover against the defendants for the conversion of certain personal property unlawfully taken from their possession by defendants.   The plaintiffs, on the morning of August 21, 1904, had,

with the permission of the owner of the land and of the commissioner of highways, erected a small tent in the highway opposite the lands of the Shrine of Our Lady of Martyrs of Auresville, a place of religious worship in the town of Glen, in the county of Montgomery.  Such tent was used by the plaintiffs for the sale of refreshments, and was located opposite the gateway or entrance to said shrine.  Plaintiffs had on prior occasions used such spot for the same purpose.  At about 8 o'clock on the morning of said 21st day of August the defendant Sullivan, who was the superintendent of such shrine and had charge thereof, requested the plaintiffs to remove from such place and notified them that, unless they so removed within one hour, he would forcibly remove their property therefrom, claiming to have permission to do so from the owner of the land upon which the tent stood.  At the expiration of the hour, the plaintiffs still refusing to remove therefrom, the defendant Sullivan, assisted by the defendants Glen and Fitzpatrick, proceeded to take down the tent of the plaintiffs, and carried it and plaintiffs' wagon and other chattels 200 to 600 feet from this spot, and beyond the lands of the shrine, and there deposited them in the highway.  The plaintiffs did not follow up their property and retake it, except that they went and took one bag of feed.  The defendants never exercised any further acts of ownership over the property, and neither have the plaintiffs done so.

Argued before PARKER, P. J., and SMITH, CHESTER, KELLOGG, and COCHRANE, JJ.

Joseph H. Fargis, for appellants. .
Robert J. Sanson, for respondents.

PARKER, P. J.  An examination of the evidence in this case shows beyond controversy that when the defendants moved the plaintiffs' goods in question from the place in the highway opposite the property of which they had charge to another place, where they left it, they made no claim of ownership over the property nor right to take and use the same.  It is apparent that the only right they claimed was the right to prevent the plaintiffs from setting up their tent in that particular spot opposite the lands and gateway of the shrine, and they claimed the right to remove such property from that spot solely through the permission from the owner of the land on which it was then located, and they claimed no more.  And it is equally clear that, after they had deposited the property in the highway beyond the boundaries of the shrine's property, they no longer interfered with it or made any effort to do so. From the time that it was set down there by the defendants nothing prevented the plaintiffs from taking immediate possession of it.  They were practically assured by the defendants that the only interference which they had to apprehend from them was the prevention of their use of this property in the spot in the highway where the plaintiffs insisted upon using it.  In my judgment such an interference with the property, although it was beyond doubt an asportation of the goods, was not a conversion.  Such asportation was not done with any intent to assert any right in the chattels or to deny any title of the owner, nor did it have the effect of destroying the chattels or altering their nature.  It was not, therefore, a conversion of them, so that the plaintiffs had the right to abandon them entirely to the defendants, to refuse to take them back, had the defendants offered to return them, and enable the plaintiffs to treat them as having been purchased by the defendants from the plaintiffs.  28 Am. & Eng. Ency. of Law (2d Ed.) 692; People v. Bank

of North America, 75 N. Y. 547, 564; O. J. Gude Co. v. Farley, 25 Misc. Rep. 502, 54 N. Y. Supp. 998, and cases cited.

The trial court found, as a matter of law, that the acts of the defendants constituted an unlawful conversion of the plaintiffs' property, and he rendered a judgment against the defendants for the full value thereof. If such conclusion was an error, the judgment is necessarily wrong, and must be reversed. It is true that, from the facts found in the decision of the court, such conclusion would apparently be correct; but upon the whole evidence in the case other facts appear which show the situation to have been as above stated, and the defendants duly requested the court to include such facts in its decision. We must therefore consider such additional facts in determining this case. There can be no doubt, I think, but that the conduct of the defendants was an unmitigated trespass, for which they are liable to the extent of the injuries actually done to the plaintiffs' property, and to such a sum by way of punitive damages for the unwarranted action of the defendants as a jury might think the case required. But that there was a conversion of the property by the defendants to their own use to such an extent that they became liable to the plaintiffs for the full value of it I cannot agree.

In my opinion the judgment should be reversed, and a new trial granted, with costs to the appellants to abide the result. All concur.